Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
Adam Books

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| Adam Books,<br><br>Plaintiff,<br><br>v.<br><br>Sunrise Credit Services Inc.,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMAND** |

      NOW COMES THE PLAINTIFF, ADAM BOOKS, BY AND THROUGH COUNSEL, MARK L. JAVITCH, and for his Complaint against the Defendant, pleads as follows:

**JURISDICTION AND VENUE**

    1.    The transactions and occurrences that give rise to this action occurred in the city of Pleasanton, Alameda County, California.

    2.    This Court has federal subject matter jurisdiction because this action arises under a federal statute, the Fair Debt Collection Practices Act ("FDCPA"). The Court may also exercise supplemental jurisdiction over Plaintiff's state law claim.

    3.    Venue is proper in the Northern District of California, San Francisco / Oakland Division.

COMPLAINT                         1

4.	This Court has personal specific jurisdiction over Defendant because it caused an injury where Plaintiff resides, in Pleasanton, Alameda County, California.

**DIVISIONAL ASSIGNMENT**

5.	Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action should be assigned under Civil L.R. 3-2(c) and (d) to the San Francisco / Oakland division.

**PARTIES**

6.	Plaintiff is a natural person residing in the city of Pleasanton, Alameda County, California.

7.	The Defendant in this lawsuit is Sunrise Credit Services, Inc. ("Defendant"), a foreign corporation that conducts business in the State of California.

**GENERAL ALLEGATIONS**

8.	Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Stratford University in the amount of $770.13 ("the alleged debt").

9.	The alleged debt does not belong to Plaintiff. Plaintiff is a victim of identity theft. The alleged debt is associated with a fraudulent student loan originated by Nelnet.

10.	In November 2019, Plaintiff received some correspondence from Nelnet/U.S. Department of Education ("Nelnet"). The correspondence included a statement of a loan in his name. In the correspondence, Nelnet asked Plaintiff to set up his account online to make payments.

11.	However, Plaintiff has never had a student loan with Nelnet. Shortly after, Plaintiff contacted Nelnet. A representative at Nelnet told Plaintiff that someone used his name, date of birth, address, and social security number to open a loan in April 2019 ("the loan"). The suspect used a phone number and email address that did not belong to Plaintiff to open the loan.

12.	The representative asked Plaintiff if he ever attended Stratford University and Plaintiff responded "no." The suspect used the loan to attend Stratford University. Plaintiff explained to the representative that he graduated from college in 1999 and he has been employed since 1999 with the same

COMPLAINT	2

company. He has never taken out a student loan. Nelnet sent Plaintiff a fraud packet to complete, and it requested a police report. Nelnet also sent Plaintiff copies of the Master Promissory Note, which showed information on the note that did not belong to Plaintiff and that someone forged the note electronically.

13. The Note showed that Stratford University, the school associated with the loan, is located in Falls Church, Virginia. Plaintiff has worked and resided in California for the last 23 years.

14. On November 8, 2019, Plaintiff obtained his credit disclosures and noticed Nelnet improperly reported a tradeline for the loan ("Bogus tradeline"). On the same day, Plaintiff submitted a dispute to Trans Union disputing the Bogus tradeline.

15. On December 3, 2019, Plaintiff submitted a notarized Borrower Affidavit of Forgery of an Education Loan Note to Nelnet stating he did not open an account for the loan.

16. On December 5, 2019, Plaintiff filed a police report regarding the loan. Plaintiff submitted the police report, a Certification /Agreement of Cooperation for Identity Theft Claims, and a FTC ID Theft Report to Nelnet.

17. On December 19, 2019, Plaintiff submitted a Written Statement of Discovery to Nelnet with several Exhibits related to the loan via certified mail and email. Plaintiff included a notarized acknowledgment with the Written Statement of Discovery.

18. On December 31, 2019, Plaintiff provided a Certificate of Service showing he has been employed at the same company for twenty (20) years to Nelnet.

19. On March 3, 2020, Nelnet sent Plaintiff a correspondence stating it performed a fraud investigation and confirmed that fraud or forgery was not committed in relation to the loan.

20. Plaintiff obtained his credit disclosures the same month and noticed Nelnet deleted the Bogus Tradeline.

21. On March 6, 2020, Plaintiff received an email from Nelnet stating someone opened a second student loan in his name. The same day, Plaintiff emailed Nelnet requesting a Fraud Packet for the second student loan.

22. The second student loan is associated with Nova Southeastern University located in Florida. Plaintiff has never attended Nova Southeastern University. Plaintiff also requested written confirmation that the initial fraudulent student loan was closed.

23. On June 12, 2020, Plaintiff filed a second police report regarding the second student loan associated with Nova Southeastern University.

24. On June 19, 2020, continuing to investigate the initial fraudulent student loan, Plaintiff contacted the Registrar's Office at Stratford University. He explained to the Registrar's Office that he did not obtain a student loan and he is not a student at the university. Plaintiff requested copies of transcripts from the university so he can dispute them.

25. On July 15, 2020, Plaintiff's employer provided Payroll Records for Plaintiff to Nelnet showing he was employed at the time someone obtained the loan associated with the alleged debt and attended Stratford University.

26. On August 21, 2020, Plaintiff submitted a letter of appeal to Nelnet regarding the loan. Plaintiff included a Written Statement of Discovery for the loan, a Written Statement of Discovery for the second student loan, and an Employment Status letter from Plaintiff's employer.

27. On October 26, 2020, Nelnet sent Plaintiff a correspondence stating he does not meet the eligibility criteria to have his loan discharged on the basis of identity theft.

28. On January 6, 2021, Plaintiff received a collection letter from Defendant attempting to collect the alleged debt. This is the first collection letter Plaintiff received from Defendant.

COMPLAINT                              4

29.     On February 18, 2021, Plaintiff submitted an email to Defendant disputing the alleged debt. In his email, Plaintiff explained that the loan associated with the alleged debt was obtained through fraud, and he requested verification of the alleged debt.

30.     On November 11, 2021, Plaintiff emailed the Registrar's Office at Stratford University explaining that the loan is fraudulent. He asked the Registrar's Office to arrange a call to resolve this matter. Stratford became unresponsive about resolving the matter and Stratford did not send Plaintiff copies of the previously requested transcripts.

31.     On November 15, 2021, Plaintiff received an email from Nelnet stating his complaint has been forwarded to the Department's Office of Federal Student Aid (FSA).

32.     On December 7, 2021, Plaintiff submitted a fraud report regarding a fraudulent disability claim someone tried to open in Plaintiff's name. This is more evidence of identity theft.

33.     On January 31, 2022, Plaintiff submitted a second Letter of Appeal to Nelnet disputing the loan.

34.     On February 1, 2022, Plaintiff submitted a Loan Discharge Application for Forgery to Nelnet to have the loan discharged.

35.     On February 21, 2022, Plaintiff received another correspondence from Defendant attempting to collect the alleged debt. In the correspondence, Defendant offered Plaintiff several settlement options to resolve the alleged debt. Defendant ignored Plaintiff's previous request for verification of the alleged debt and his claim the alleged debt is fraudulent and continued to collect the alleged debt, in violation of the FDCPA.

36.     On March 4, 2022, Plaintiff received a correspondence from Nelnet stating it could not process his request for discharge because he does not have a court order and several other documents from Stratford University regarding the loan.

37. On March 7, 2022, Plaintiff received a correspondence from Nelnet. In its correspondence Nelnet stated, "it found no adjustment to Plaintiff's credit report is not required based on research of his account because Plaintiff's dispute is incomplete or invalid." Nelnet previously removed the Bogus tradeline from Plaintiff's credit reports.

38. On June 27, 2022, Plaintiff sent another email to Defendant explaining that the alleged debt is associated with a fraudulent student loan, and it does not belong to him because he is a victim of identity theft. He asked Defendant again for verification of the alleged debt. Plaintiff attached his police report for the loan associated with the alleged debt, his police report for the second student loan with Nova Southeastern, and ID Theft Reports as additional evidence of identity theft to the email.

39. To date, Defendant has not responded to Plaintiff's request for verification of the alleged debt associated with the loan or his emails explaining that the alleged debt is fraudulent and has continued to collect the alleged debt.

40. Plaintiff has requested multiple times that Defendant provide clarification of the charges for the alleged debt, which Defendant has failed to do. It is unclear whether the alleged debt is a separate loan or fees Plaintiff incurred from Stratford University as a result of the loan originated by Nelnet.

41. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Plaintiff also experienced stress, shock, anxiety, agitation, anger, and frustration.

## COUNT I - VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff reincorporates the preceding allegations by reference.

43. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

44. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

45. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

46. Defendant's foregoing acts in attempting to collect the collection item violated the FDCPA at 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to collect the alleged debt after Plaintiff notified Defendant that the alleged debt is fraudulent.

   b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law by collecting the alleged debt even though the debt is fraudulent.

   c. 15 U.S.C. §1692g by failing to provide verification of the alleged debt when Plaintiff requested verification of the alleged debt within 30 days of receiving an initial communication from Defendant.

47. Plaintiff has suffered harm and damages at the hands of Defendant, and this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

48. To date, and as a direct and proximate cause of Defendant's failure to honor its statutory obligations under the FDCPA, Plaintiff has suffered and continues to suffer anxiety, embarrassment, humiliation, and stress.

49. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, et seq. ("ROSENTHAL ACT")**

50. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

51. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

52. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

53. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

54. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

55. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

56. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the Rosenthal Act:

57. Defendant did not comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.17.

58. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

59. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

**PRAYER FOR RELIEF**

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendant:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

COMPLAINT                                   8

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 17, 2022           Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com

Attorney for Plaintiff